THE HONORABLE MICHAEL H. SIMON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CONSTANCE GEORGE**<br>Plaintiff,<br>v.<br>**HOUSE OF HOPE RECOVERY and PATRICIA BARCROFT**<br><br>Defendants. | **NO. 3:15-CV-01277-SI**<br><br>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS |

The Plaintiff submits the following proposed jury instructions.

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 105
Vancouver, WA  98660
Phone:  (360) 694-4530
Facsimile:  (360) 694-4659
E-mail:  moloy@goodlawclinic.com

TABLE OF CONTENTS

| No. | Title | Source |
|---|---|---|
| 1 | **Duty of Jury-Beginning of Trial** | 9th Cir. 1.1B |
| 2 | **Duty of Jury-End of Case** | 9th Cir. 1.1C |
| 3 | **Claims and Defenses** | 9th Cir. 1.2 |
| 4 | **Burden of Proof-Preponderance** | 9th Cir. 1.3 |
| 5 | **Two or More Parties-Diff. Legal Rts.** | 9th Cir. 1.5 |
| 6 | **What is Evidence** | 9th Cir. 1.6 |
| 7 | **What is Not Evidence** | 9th Cir. 1.7 |
| 8 | **Direct and Circumstantial Evid.** | 9th Cir. 1.9 |
| 9 | **Ruling on Objections** | 9th Cir. 1.10 |
| 10 | **Conduct of the Jury** | 9th Cir. 1.12 |
| 11 | **Taking Notes** | 9th Cir. 1.15 |
| 12 | **Questions to Witnesses by Jurors** | 9th Cir. 1.16 |
| 13 | **Bench Conferences and Recesses** | 9th Cir. 1.17 |
| 14 | **Outline of Trial** | 9th Cir. 1.18 |
| 15 | **Charts and Summaries Not in Evid.** | 9th Cir. 2.14 |
| 16 | **Evidence in Electronic Format** | 9th Cir. 2.16 |
| 17 | **Duty to Deliberate** | 9th Cir. 3.1 |
| 18 | **Consider. of Evid.-Conduct of Jury** | 9th Cir. 3.2 |
| 19 | **Communication with Court** | 9th Cir. 3.3 |
| 20 | **Return of Verdict** | 9th Cir. 3.5 |
| 21 | **Damages – Proof** | 9th Cir. 5.1, 5.2 |
| 22 | **Punitive Damages** | 9th Cir. 5.5 |
| 23 | **Fair Housing Claim - Disparate Treatment – "Sole Reason" or "Motivating Factor"** | 9th Cir. 10.1 (modified) |
| 24 | **Fair Housing Claim – Disparate Treatment – "Sole Reason" – Elements and Burden of Proof** | 9th Cir. 10.2 (modified) |
| 25 | **Fair Housing Claim – Disparate Treatment – "Motivating Factor" – Elements and Burden of Proof** | 9th Cir. 10.3 (modified) |
| 26 | **Fair Housing Claim – Discriminatory Statement** | 42 U.S.C. § 3604(c) |
| 27 | **Fair Housing Claim – Discriminatory Statement – Elements and Burden of Proof** | 42 U.S.C. § 3604(c) |

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 105
Vancouver, WA 98660
Phone: (360) 694-4530
Facsimile: (360) 694-4659
E-mail: moloy@goodlawclinic.com

| | | |
|---|---|---|
| 28 | **Section 1981 Claim – Introductory Instruction** | |
| | | 3rd Cir. 6.0 (modified) |
| 29 | **Section 1981 Claim – Disparate Treatment – Elements of Section 1981 Claim – Motivating Factor** | |
| | | 3rd Cir. 6.1.1 (modified) |
| 30 | **Section 1981 Claim – Disparate Treatment – Elements of Section 1981 Claim – Pretext** | |
| | | 3rd Cir. 6.1.2 (modified) |

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 105
Vancouver, WA  98660
Phone:  (360) 694-4530
Facsimile:  (360) 694-4659
E-mail:  moloy@goodlawclinic.com

George v. House of Hope et al. – Plaintiff's Proposed Jury Instructions – Page 3

Plaintiff's Proposed Jury Instruction No. 23

**FAIR HOUSING CLAIM—DISPARATE TREATMENT – WHEN EVIDENCE SUPPORTS "SOLE REASON" OR "MOTIVATING FACTOR"**

The plaintiff has brought a claim for housing discrimination against the defendants. The plaintiff claims that her race was either the sole reason or a motivating factor for the defendant's decision to terminate plaintiff's tenancy or subject her to different terms and conditions. The defendants deny that the plaintiff's race was either the sole reason or a motivating factor for the defendants' decision to terminate plaintiff's tenancy or subject her to different terms and conditions.

Ninth Circuit Model Instruction No. 10.1 (modified)

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 105
Vancouver, WA 98660
Phone: (360) 694-4530
Facsimile: (360) 694-4659
E-mail: moloy@goodlawclinic.com

George v. House of Hope et al. – Plaintiff's Proposed Jury Instructions – Page 4

Plaintiff's Proposed Jury Instruction No. 24

**FAIR HOUSING CLAIM—DISPARATE TREATMENT – "SOLE REASON" – ELEMENTS AND BURDEN OF PROOF**

As to the plaintiff's claim that her race was the sole reason for the defendants' decision to terminate her tenancy or subject her to different terms and conditions, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. The plaintiff's tenancy was terminated by the defendants; or
2. The plaintiff was subjected to different terms and conditions in her tenancy; and
3. The defendants' actions were solely because of plaintiff's race.

If you find that the plaintiff has proved these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

Ninth Circuit Model Instruction No. 10.2 (modified)

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 105
Vancouver, WA  98660
Phone:  (360) 694-4530
Facsimile:  (360) 694-4659
E-mail:  moloy@goodlawclinic.com

George v. House of Hope et al. – Plaintiff's Proposed Jury Instructions – Page 5

Plaintiff's Proposed Jury Instruction No. 25

**FAIR HOUSING CLAIM—DISPARATE TREATMENT – "MOTIVATING FACTOR" – ELEMENTS AND BURDEN OF PROOF**

As to the plaintiff's claim that her race was a motivating factor for the defendants' decision to terminate her tenancy or subject her to different terms and conditions, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. The plaintiff's tenancy was terminated by the defendants; or
2. The plaintiff was subjected to different terms and conditions in her tenancy; and
3. The plaintiff's race was a motivating factor in the defendants' actions.

If you find that the plaintiff has proved these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

Ninth Circuit Model Instruction No. 10.3 (modified)

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 105
Vancouver, WA 98660
Phone: (360) 694-4530
Facsimile: (360) 694-4659
E-mail: moloy@goodlawclinic.com

Plaintiff's Proposed Jury Instruction No. 26

**FAIR HOUSING CLAIM—DISCRIMINATORY STATEMENT**

The plaintiff has brought a claim for housing discrimination against the defendants. The plaintiff claims that the Defendants made a statement that indicated a preference, limitation, or discrimination based on her race with respect to renting plaintiff a dwelling. The defendants deny that they made such a statement.

42 U.S.C. § 3604(c)

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 105
Vancouver, WA  98660
Phone:  (360) 694-4530
Facsimile:  (360) 694-4659
E-mail:  moloy@goodlawclinic.com

Plaintiff's Proposed Jury Instruction No. 27

**FAIR HOUSING CLAIM—DISCRIMINATORY STATEMENT – ELEMENTS AND BURDEN OF PROOF**

As to the plaintiff's claim that defendants made a statement that indicated a preference, limitation, or discrimination based on her race with respect to renting plaintiff a dwelling, the plaintiff has the burden of proving the following elements by a preponderance of the evidence:

1. The defendants made a statement; and
2. That statement indicates a preference, limitation, or discrimination based on race.

If you find that the plaintiff has proved these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

42 U.S.C. § 3604(c)

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 105
Vancouver, WA  98660
Phone:  (360) 694-4530
Facsimile:  (360) 694-4659
E-mail:  moloy@goodlawclinic.com

Plaintiff's Proposed Jury Instruction No. 28

**SECTION 1981—INTRODUCTORY INSTRUCTION**

In this case plaintiff has made a claim under the Federal Civil Rights statute that prohibits discrimination against a tenant because of the person's race.

Specifically, plaintiff claims that she was terminated from her tenancy by Defendant House because of her race.

Defendant denies that plaintiff was discriminated against in any way.

Third Circuit Model Instruction No. 6.0 (modified)

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 105
Vancouver, WA  98660
Phone:  (360) 694-4530
Facsimile:  (360) 694-4659
E-mail:  moloy@goodlawclinic.com

George v. House of Hope et al. – Plaintiff's Proposed Jury Instructions – Page 9

Plaintiff's Proposed Jury Instruction No. 29

**SECTION 1981 CLAIM—DISPARATE TREATMENT – ELEMENTS OF A SECTION 1981 CLAIM – MOTIVATING FACTOR**

In this case plaintiff is alleging that Defendant House terminated her tenancy because of her race. In order for plaintiff to recover on this discrimination claim against Defendant House, plaintiff must prove that Defendant House intentionally discriminated against plaintiff. This means that plaintiff must prove that her race was a motivating factor in Defendant House's decision to terminate her tenancy.

To prevail on this claim, plaintiff must prove both of the following by a preponderance of the evidence:

1. Defendant House terminated plaintiff's tenancy; and
2. Plaintiff's race was a motivating factor in Defendant House's decision.

Although plaintiff must prove that Defendant House acted with the intent to discriminate, plaintiff is not required to prove that Defendant House acted with the particular intent to violate plaintiff's federal civil rights.

In showing that plaintiff's race was a motivating factor for Defendant House's action, plaintiff is not required to prove that her race was the sole motivation or even the primary motivation for Defendant House's decision. Plaintiff need only prove that her race played a motivating part in Defendant House's decision even though other factors may also have motivated Defendant House.

As used in this instruction, plaintiff's race was a "motivating factor" if her race played a role in Defendant House's decision to terminate plaintiff's tenancy.

If you find that the plaintiff has proved these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

Third Circuit Model Instruction No. 6.1.1 (modified)

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 105
Vancouver, WA  98660
Phone:  (360) 694-4530
Facsimile:  (360) 694-4659
E-mail:  moloy@goodlawclinic.com

George v. House of Hope et al. – Plaintiff's Proposed Jury Instructions – Page 10

Plaintiff's Proposed Jury Instruction No. 30

**SECTION 1981 CLAIM—DISPARATE TREATMENT – ELEMENTS OF A SECTION 1981 CLAIM – PRETEXT**

In this case plaintiff is alleging that the defendants terminated her tenancy because of her race. In order for plaintiff to recover on this discrimination claim against defendants, plaintiff must prove that defendants intentionally discriminated against plaintiff. This means that plaintiff must prove that her race was a determinative factor in defendants' decision to terminate her tenancy.

To prevail on this claim, plaintiff must prove both of the following by a preponderance of the evidence:

1. Defendant House terminated plaintiff's tenancy; and
2. Plaintiff's race was a determinative factor in Defendant House's decision.

Although plaintiff must prove that defendant acted with the intent to discriminate, plaintiff is not required to prove that defendant acted with the particular intent to violate plaintiff's federal civil rights. Moreover, plaintiff is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

Defendant has given a nondiscriminatory reason for its decision to terminate her tenancy. If you disbelieve defendant's explanations for its conduct, then you may, but need not, find that plaintiff has proved intentional discrimination.

Ultimately, you must decide whether plaintiff has proven that her race was a determinative factor in Defendant House's decision to terminate her tenancy. "Determinative factor" means that if not for plaintiff's race, her tenancy would not have been terminated.

Third Circuit Model Instruction No. 6.1.2 (modified)

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 105
Vancouver, WA  98660
Phone:  (360) 694-4530
Facsimile:  (360) 694-4659
E-mail:  moloy@goodlawclinic.com

George v. House of Hope et al. – Plaintiff's Proposed Jury Instructions – Page 11

DATED this 14th day of March 2017.

RESPECTFULLY SUBMITTED,

THE GOOD LAW CLINIC
/s/ Moloy K. Good
MOLOY K. GOOD WSBA #36036
(360) 694-4530
Attorney for Plaintiff

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
211 E. 11th Street, Suite 105
Vancouver, WA  98660
Phone:  (360) 694-4530
Facsimile:  (360) 694-4659
E-mail:  moloy@goodlawclinic.com

George v. House of Hope et al. – Plaintiff's Proposed Jury Instructions – Page 12