IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CONSTANCE GEORGE**,<br><br>  Plaintiff,<br><br>v.<br><br>**HOUSE OF HOPE RECOVERY and PATRICIA BARCROFT**,<br><br>  Defendants. | Case No. 3:15-cv-1277-SI<br><br>**FINAL JURY INSTRUCTIONS** |

DATED this 18th day of April, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 1 – FINAL JURY INSTRUCTIONS

# INDEX OF FINAL JURY INSTRUCTIONS

Instruction No. 1: Duty of Jury ............................................................................................. 3

Instruction No. 2: Summary of Claims and Defenses .............................................................. 4

Instruction No. 3: Burden of Proof—Preponderance of the Evidence ..................................... 5

Instruction No. 4: What Is Evidence ........................................................................................ 6

Instruction No. 5: What Is Not Evidence ................................................................................. 6

Instruction No. 6: Direct and Circumstantial Evidence ........................................................... 7

Instruction No. 7: Ruling on Objections .................................................................................. 7

Instruction No. 8: Credibility of Witnesses ............................................................................. 8

Instruction No. 9: Two Defendants .......................................................................................... 9

Instruction No. 10: Fair Housing Act Claim ............................................................................ 9

Instruction No. 11: Section 1981 Claim ................................................................................. 11

Instruction No. 12: Plaintiff's Claim for Compensatory Damages ......................................... 12

Instruction No. 13: Noneconomic Damages .......................................................................... 13

Instruction No. 14: Economic Damages ................................................................................ 13

Instruction No. 15: Nominal Damages ................................................................................... 14

Instruction No. 16: Punitive Damages ................................................................................... 14

---------------------------- CLOSING ARGUMENTS ---------------------------- ..................... 15

Instruction No. 17: Duty to Deliberate ................................................................................... 15

Instruction No. 18: Consideration of Evidence—Conduct of the Jury .................................. 16

Instruction No. 19: Communication with Court .................................................................... 17

Instruction No. 20: Return of Verdict .................................................................................... 18

Members of the Jury:

Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

**Instruction No. 1: Duty of Jury**

Each of you has received a copy of these instructions, and you may take them with you to the jury room to consult during your deliberations.

You must not take from these instructions or from anything I may have said or done during the trial that I have an opinion regarding the evidence or what your verdict should be. That is entirely up to you. When you deliberate, it will be your duty to weigh and evaluate all the evidence received in this trial and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you. You must follow the law as I give it to you, whether you agree with it or not. You will recall that you took an oath to do so. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important. In addition, you must decide the case solely on the evidence and the law before you. You must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases. This includes unconscious biases, which are stereotypes, attitudes, or preferences that people may consciously reject, but may be expressed without conscious awareness, control, or intention.

Like conscious bias, unconscious bias also can affect how we evaluate information and make decisions.

**Instruction No. 2:   Summary of Claims and Defenses**

The Plaintiff in this case is Ms. Constance George. She is suing the Defendants, House of Hope Recovery and Ms. Patricia Barcroft. The Plaintiff, Ms. George, is an African-American woman. She previously was a resident at a residential recovery house operated by Defendant House of Hope. This residential recovery house provides transitional housing for women. Defendant Patricia Barcroft is the Executive Director of House of Hope.

The Plaintiff, Ms. George, claims that the Defendants, House of Hope and Patricia Barcroft, violated the "Fair Housing Act," also referred to as the "FHA." As relevant to this lawsuit, the Fair Housing Act, or FHA, prohibits landlords from imposing different terms and conditions on the rental of a dwelling to a tenant because of the tenant's race. That law also prohibits landlords from making any statements with respect to the rental of a dwelling that indicate any preference, limitation, or discrimination based on race.

The Plaintiff also claims that Defendant House of Hope violated the federal civil rights law referred to as "42 U.S.C. § 1981," also known simply as "Section 1981." This claim is brought only against House of Hope and not against Ms. Barcroft personally. As relevant to this lawsuit, Section 1981 guarantees that

all persons shall have the same rights to make, perform, modify, and terminate contracts and shall enjoy all of the benefits, privileges, terms, and conditions of any contractual relationship, as are enjoyed by white citizens.

The Plaintiff seeks an award of money for damages for the harm that she alleges was caused by the Defendants' wrongful actions. The Defendants deny that they have violated the law, and they deny that the Plaintiff is entitled to any money damages. The Plaintiff also seeks an award of punitive damages. In addition to denying that they violated the Plaintiff's rights, the Defendants deny that the Plaintiff is entitled to any punitive damages.

**Instruction No. 3:   Burden of Proof—Preponderance of the Evidence**

A party must prove any claim or affirmative defense that party has made. This is called the burden of proof. In this case, the Plaintiff has the burden of proving her claim by a preponderance of the evidence. The Defendants have the burden of proving any affirmative defense by a preponderance of the evidence.

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Instruction No. 4:   What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits that are received into evidence; and

3. Any facts to which the lawyers have agreed, which are also called stipulations.

**Instruction No. 5:   What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been

instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Instruction No. 6:   Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Instruction No. 7:   Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question was answered or the exhibit was received. If I sustained the objection, the question cannot be answered or the exhibit cannot be received. Whenever I have sustained an objection to a question,

you must ignore the question and must not guess what the answer might have been.

If I have ordered that evidence be stricken from the record and that you disregard or ignore that evidence, then, when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Instruction No. 8:   Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

PAGE 8 – FINAL JURY INSTRUCTIONS

You must avoid bias, conscious or unconscious, based on any witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Instruction No. 9:   Two Defendants**

As you know, there are two Defendants in this case. You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

**Instruction No. 10: Fair Housing Act Claim**

The Plaintiff has brought a claim of housing discrimination against the Defendants under the federal Fair Housing Act, also known as the "FHA." The Fair Housing Act prohibits landlords from imposing different terms and conditions on the rental of a dwelling to a tenant because of the tenant's race. It also prohibits landlords from making any statements with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on race.

The Plaintiff claims that Defendants House of Hope and Ms. Barcroft violated the Fair Housing Act by imposing different terms and conditions on the Plaintiff's rental of a room at the House of Hope because of her race and by terminating her tenancy at House of Hope because of her race. The Plaintiff also

PAGE 9 – FINAL JURY INSTRUCTIONS

claims that the Defendants made a statement with respect to her rental of a room at House of Hope that indicated a preference, limitation, or discrimination based on race. The Defendants admit that they terminated the Plaintiff's tenancy, but otherwise deny each of these allegations.

In order to prevail on this claim, the Plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. The Defendants terminated the Plaintiff's tenancy at the House of Hope; subjected her tenancy to different terms or conditions; or made a statement with respect to the rental of a dwelling that indicated a preference, limitation, or discrimination based on race; and

2. The Plaintiff's race was a motivating factor in the decision to terminate the Plaintiff's tenancy; to subject her tenancy to different terms or conditions; or make a statement with respect to the rental of a dwelling that indicated a preference, limitation, or discrimination based on race.

A "motivating factor" is a factor that played a part in the decision to terminate the Plaintiff's tenancy; to subject her tenancy to different terms or conditions; or to make a statement that indicated a preference, limitation, or discrimination based on race, even if the factor was not the only factor in that decision.

PAGE 10 – FINAL JURY INSTRUCTIONS

A statement indicates a preference based on race in violation of the FHA if an ordinary listener would find that the statement indicates that tenants of a particular race are either preferred or disfavored for the housing in question. A landlord may advise prospective tenants that the landlord has a policy of non-discrimination, provided that landlord does not communicate its policy in a manner that in any way indicates that tenants of a particular race are either preferred or disfavored.

If you find that the Plaintiff has proven both of these elements, your verdict on the Fair Housing Act claim should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove either of these elements, your verdict on this claim should be for the Defendants.

**Instruction No. 11: Section 1981 Claim**

The Plaintiff also has made a claim under 42 U.S.C. § 1981, also known as "Section 1981." This law guarantees that all persons shall have the same rights to make, perform, modify, and terminate contracts and enjoy all of the benefits, privileges, terms, and conditions of the contractual relationship, as are enjoyed by white citizens. The Plaintiff claims that Defendant House of Hope violated her right to enjoy all the benefits and privileges of her lease contract by terminating her lease on the basis of her race. Defendant House of Hope denies that it discriminated against the Plaintiff in any way.

In order to prevail on this claim, the Plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. Defendant House of Hope terminated the Plaintiff's lease; and
2. The Plaintiff's race was a motivating factor in Defendant House of Hope's decision to terminate the Plaintiff's lease.

A "motivating factor" is a factor that played a part in Defendant House of Hope's decision to terminate the Plaintiff's lease, even if it was not the only factor in that decision.

If you find that the Plaintiff has proven both of these elements, your verdict on the Plaintiff's Section 1981 claim should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove either of these elements, your verdict on this claim should be for Defendant House of Hope.

**Instruction No. 12: Plaintiff's Claim for Compensatory Damages**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendants. You should

consider the following:

1. Plaintiff's noneconomic damages; and

2. Plaintiff's economic damages.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

**Instruction No. 13: Noneconomic Damages**

If you find for the Plaintiff on any of her claims, you must determine her noneconomic damages, if any. Noneconomic damages are the subjective, non-monetary losses that a plaintiff has sustained or probably will sustain in the future. The law does not furnish you with any fixed standard by which to measure the exact amount of noneconomic damages. The law requires, however, that all damages awarded be reasonable. You must apply your own considered judgment, therefore, to determine the amount of noneconomic damages.

In determining the amount of noneconomic damages, if any, you should consider the mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

**Instruction No. 14: Economic Damages**

If you find for the Plaintiff on any of her claims, you must also determine her economic damages, if any. Economic damages means the amount of money

that will reasonably and fairly compensate the Plaintiff for any increased housing costs, lost wages, and other expenses you find were caused by the unlawful acts of the Defendants. The Plaintiff has the burden of proving both the existence and the amount of her damages by a preponderance of the evidence.

**Instruction No. 15: Nominal Damages**

The law that applies to this case authorizes an award of nominal damages. If you find for the Plaintiff, but also find that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**Instruction No. 16: Punitive Damages**

If you find for the Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a Defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that a Defendant's conduct that harmed the Plaintiff was malicious, oppressive or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill

PAGE 14 – FINAL JURY INSTRUCTIONS

will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if a Defendant acts in the face of a perceived risk that his, her, or its actions will violate the Plaintiff's rights under federal law. An act or omission is oppressive if the Defendants injure or damage or otherwise violate the rights of the Plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the Plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

Punitive damages may be awarded even if you award the Plaintiff only nominal, and not compensatory, damages.

----------------------------- **CLOSING ARGUMENTS** -----------------------------

**Instruction No. 17: Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to

reach agreement if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Instruction No. 18: Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or social media application. This applies to communicating with your

family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court. After the trial is over and I have discharged you as a jury, you may then discuss this case with anyone you choose, although whether to choose to do so at that time is entirely up to you.

Until you have been discharged as a jury, do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Instruction No. 19: Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through our courtroom deputy, Mary Austad, signed by your presiding juror or by one or more members of the jury. No member of the jury

PAGE 17 – FINAL JURY INSTRUCTIONS

should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Instruction No. 20: Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on each applicable question on the verdict form, your presiding juror should fill in the verdict form, sign and date the verdict form, and advise the Court that you are ready to return to the courtroom.

*Verdict form described.*