**Elisa J. Dozono**, OSB No. 063150
elisa.dozono@millernash.com
**Vanessa L. Triplett**, OSB No. 154387
vanessa.triplett@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CONSTANCE GEORGE, | Case No. 3:15-cv-01277-SB |
| Plaintiff, | |
| v. | PLAINTIFF'S PROPOSED JURY INSTRUCTIONS |
| HOUSE OF HOPE RECOVERY; BRIDGES TO CHANGE, INC.; WASHINGTON COUNTY DEPARTMENT OF HOUSING SERVICES, and PATRICIA BARCROFT, | |
| Defendants. | |

Plaintiff Constance George submits the following proposed jury instructions in

accordance with the court's Civil Trial Management Order (ECF No. 90). In addition to these

instructions and the general instructions, the parties respectfully request that the court use the

parties' names in lieu of referring to the parties as "plaintiff" and "defendants."

| No. | Title: | Source: | Plaintiff's Proposed Instruction | Defendant's Proposed Instruction | Agreed Instructions |
|---|---|---|---|---|---|
| 1 | Duty of Jury | Ninth Circuit Model Jury Instruction 1.4 (Modified) | X | | |
| 2 | Claims and Defenses | Ninth Circuit Model Jury Instruction 1.5 (Modified) | X | | |
| 3 | Burden of Proof—Preponderance of the Evidence | Ninth Circuit Model Jury Instruction 1.6 | X | | |
| 4 | What Is Evidence | Ninth Circuit Model Jury Instruction 1.9 | X | | |
| 5 | What Is Not Evidence | Ninth Circuit Model Jury Instruction 1.10 | X | | |
| 6 | Direct and Circumstantial Evidence | Ninth Circuit Model Jury Instruction 1.12 | X | | |
| 7 | Ruling on Objections | Ninth Circuit Model Jury Instruction 1.13 | X | | |
| 8 | Credibility of Witnesses | Ninth Circuit Model Jury Instruction 1.14 | X | | |

| No. | Title: | Source: | Plaintiff's Proposed Instruction | Defendant's Proposed Instruction | Agreed Instructions |
|-----|--------|---------|----------------------------------|----------------------------------|---------------------|
| 9 | Taking Notes | Ninth Circuit Model Jury Instruction 1.18 | X | | |
| 10 | Bench Conferences and Recesses | Ninth Circuit Model Jury Instruction 1.20 | X | | |
| 11 | Charts and Summaries Not Received in Evidence | Ninth Circuit Model Jury Instruction 2.14 | X | | |
| 12 | Fair Housing Act— Vicarious Liability | *Meyer v. Holley*, 537 U.S. 280, 285 (2003) | X | | |
| 13 | Fair Housing Act— "Sole Reason" or "Motivating Factor" | Ninth Circuit Model Instructions 10.1, 10.2, 10.3 (Modified) | X | | |
| 14 | Fair Housing Act Claim— Discriminatory Statement | 42 U.S.C. § 3604(c) | X | | |
| 15 | Section 1981 Claim— Mixed Motive | Third Circuit Model Jury Instruction 6.1.1 (Modified) | X | | |
| 16 | Section 1981 Claim— Disparate Treatment— Pretext | Third Circuit Model Jury Instruction 6.1.2 (Modified) | X | | |

| No. | Title: | Source: | Plaintiff's Proposed Instruction | Defendant's Proposed Instruction | Agreed Instructions |
|---|---|---|---|---|---|
| 17 | Section 1981 Claim—Retaliation | Third Circuit Model Jury Instruction 6.1.6 (Modified) | X | | |
| 18 | Compensatory Damages | Ninth Circuit Model Jury Instructions 5.1, 5.2 (Modified) | X | | |
| 19 | Damages—Economic Damages | Final Jury Instruction No. 14, ECF No. 64 | X | | |
| 20 | Damages—Noneconomic Damages | Final Jury Instruction No. 13, ECF No. 64 | X | | |
| 21 | Damages—Nominal Damages | Final Jury Instruction No. 15, ECF No. 64 | X | | |
| 22 | Damages—Punitive Damages | Ninth Circuit Model Jury Instruction 5.5 (Modified) | X | | |
| 23 | Duty to Deliberate | Ninth Circuit Model Jury Instruction 3.1 | X | | |
| 24 | Consideration of Evidence—Conduct of the Jury | Ninth Circuit Model Jury Instruction 3.2 | X | | |

| No. | Title: | Source: | Plaintiff's Proposed Instruction | Defendant's Proposed Instruction | Agreed Instructions |
|-----|--------|---------|----------------------------------|----------------------------------|---------------------|
| 25 | Communication With Court | Ninth Circuit Model Jury Instruction 3.3 | X | | |
| 26 | Return of Verdict | Ninth Circuit Model Jury Instruction 3.5 | X | | |

Respectfully submitted:  February 28, 2018.

MILLER NASH GRAHAM & DUNN LLP

s/ Elisa J. Dozono
Elisa J. Dozono, OSB No. 063150
elisa.dozono@millernash.com
Vanessa L. Triplett, OSB No. 154387
vanessa.triplett@millernash.com
Phone:  503.224.5858
Fax:  503.224.0155

Attorneys for Plaintiff

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1**

**Duty of Jury**
**(Court Reads and Provides Written Instructions at End of Case)**


Members of the Jury:  Now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

---

Source:  Ninth Circuit Model Jury Instruction 1.4 (Modified).  *See also* Ninth Circuit Model Criminal Jury Instruction 1.1 cmt. (citing Jury Instructions Committee of the Ninth Circuit, *A Manual on Jury Trial Procedure*s § 3.3 (2013); and *Peña-Rodriguez v. Colorado*, 137 S. Ct. 855, 871 (2017)).

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

## Claims and Defenses

   The plaintiff in this case is Constance George.  Ms. George is suing defendants House of Hope Recovery and Patricia Barcroft for discrimination.  Ms. George is an African-American woman.  She previously was a resident at a residential recovery house operated by House of Hope.  This residential recovery house provides transitional housing for women.  Ms. Barcroft is the executive director of House of Hope.

   Ms. George alleges that House of Hope and Ms. Barcroft violated the federal law known as the "Fair Housing Act."  The Fair Housing Act prohibits landlords from imposing different terms and conditions on the rental of a dwelling to a tenant because of the tenant's race.  The law also prohibits landlords from making any statements with respect to the rental of a dwelling that indicate any preference, limitation, or discrimination based on race.

   In order to prove her claim under the Fair Housing Act, Ms. George must prove two things.  First, she must prove that House of Hope and Ms. Barcroft imposed different terms or conditions on her tenancy or made a statement with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on race.  Second, Ms. George must prove that her race was a motivating factor in House of Hope and Ms. Barcroft's decision to impose different terms or conditions on her tenancy or to make a statement with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on race.

   A statement indicates a preference based on race in violation of the Fair Housing Act if an ordinary listener would find that the statement indicates that tenants of a particular race are either preferred or disfavored for the housing in question.  A landlord may advise prospective tenants that the landlord has a policy of nondiscrimination, as long as the landlord does not communicate its policy in a manner that in any way indicates that tenants of a particular race are either preferred or disfavored.

   Finally, Ms. George alleges that House of Hope and Ms. Barcroft violated the federal civil-rights law referred to as "42 U.S.C. § 1981," also known as "Section 1981." Section 1981 guarantees that all persons have the same rights to make, perform, modify, and terminate contracts and to enjoy all the benefits, privileges, terms, and conditions of any contractual relationship as are enjoyed by white citizens.  In order to prove a claim under Section 1981, Ms. George must prove two things.  First, she must prove that House of Hope and Ms. Barcroft terminated her lease.  Second, she must prove that her race was a motivating factor in House of Hope and Ms. Barcroft's decision to terminate her lease.

---

Source:  Ninth Circuit Model Jury Instruction 1.5 (Modified).

Section 1981 protections also cover claims of retaliation by those pursuing race and color claims under the statute.  In order to prove a retaliation claim under Section 1981, Ms. George must show that defendants imposed different terms and conditions on the rental of her dwelling because of her race, that she was subjected to materially adverse action at the time, or after, the complaint took place, and that there was a causal connection between the adverse action and Ms. George's complaint.

Ms. George seeks an award of money for damages for the harm that she alleges was caused by House of Hope and Ms. Barcroft's wrongful actions.  House of Hope and Ms. Barcroft deny that they have violated the law, and they deny that Ms. George is entitled to any money damages.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12**

**Fair Housing Act—Vicarious Liability**

The Fair Housing Act makes a principal legally responsible for the acts, conduct, and statements of its agent or employee if those acts are done within the scope of the agent's or employee's authority. For example, if a property manager violates the Fair Housing Act, the company that he or she works for will also be liable for the violation.

Ms. George alleges that both House of Hope and Ms. Barcroft are liable for violations of the Fair Housing Act. Ms. George alleges that House of Hope is legally responsible for the statements and actions of Ms. Barcroft because Ms. Barcroft's statements and actions were made within the scope of her employment.

House of Hope does not deny that Ms. Barcroft was acting within the scope of her authority at the times involved in this case.

---

Source: *Meyer v. Holley*, 537 U.S. 280, 285 (2003) (noting that "it is well established that the [Fair Housing] Act provides for vicarious liability").

*See also Houck v. Feller Living Trust*, 191 Or. App. 39, 43, 79 P.3d 1140 (2003); *Kaiser Found. Health Plan of the Nw. v. Doe*, 136 Or. App. 566, 573, 903 P.2d 375 (1995), *modified on recons.* 138 Or App 428, *rev. denied*, 324 Or. 394 (1996).

**Fair Housing Act—"Sole Reason" or "Motivating Factor"**

The Fair Housing Act prohibits landlords from imposing different terms and conditions on the rental of a dwelling to a tenant because of the tenant's race. Ms. George alleges that House of Hope and Ms. Barcroft violated the Fair Housing Act by terminating her tenancy or imposing different terms and conditions on the rental of a room at House of Hope because of her race.

Ms. George alleges that her race was the "sole reason" or "motivating factor" for House of Hope and Ms. Barcroft's decision to terminate her tenancy or subject her to different terms and conditions. House of Hope and Ms. Barcroft deny that Ms. George's race was the "sole reason" or "motivating factor" for their decision to terminate Ms. George's tenancy or subject her to different terms and conditions.

In order to prevail on this claim, Ms. George has the burden of proving both of the following elements by a preponderance of the evidence:

1.  That House of Hope and Ms. Barcroft terminated her tenancy at House of Hope or subjected her tenancy to different terms or conditions; and

2.  That Ms. George's race was the sole reason or a motivating factor in the decision to terminate her tenancy or to subject her tenancy to different terms or conditions.

A "motivating factor" is a factor that played a part in the decision to terminate Ms. George's tenancy or to subject her tenancy to different terms or conditions.

---

Source: Ninth Circuit Model Jury Instruction Nos. 10.1, 10.2, and 10.3 (Modified).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14**

### Fair Housing Act Claim—Discriminatory Statement

In addition to prohibiting landlords from imposing different terms and conditions on the rental of a dwelling because of the tenant's race, the Fair Housing Act also prohibits landlords from making any statements with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on race.

Ms. George alleges that Ms. Barcroft made a statement with respect to Ms. George's rental of a room at House of Hope that indicated a preference, limitation, or discrimination based on race. Ms. George alleges and House of Hope stipulates that House of Hope is vicariously liable for the statement made by Ms. Barcroft. House of Hope and Ms. Barcroft otherwise deny these allegations.

---

Source: 42 U.S.C. § 3604(c) (Under the Fair Housing Act, it is unlawful "[t]o make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.").

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15

## Section 1981 Claim—Mixed Motive

Ms. George also alleges a claim against House of Hope and Ms. Barcroft under 42 U.S.C. § 1981, also known as "Section 1981." This law guarantees that all persons have the same rights to make, perform, modify, and terminate contracts and to enjoy all the benefits, privileges, terms, and conditions of the contractual relationship as are enjoyed by white citizens.

Ms. George alleges that House of Hope and Ms. Barcroft violated her right to enjoy all the benefits and privileges of her lease contract by terminating her lease on the basis of her race. House of Hope and Ms. Barcroft deny that they discriminated against Ms. George in any way.

To prevail on this claim, Ms. George must prove both of the following by a preponderance of the evidence:

1. That House of Hope and Ms. Barcroft terminated Ms. George's tenancy; and

2. That Ms. George's race was a motivating factor in House of Hope and Ms. Barcroft's decision to terminate her tenancy.

In showing that her race was a motivating factor for House of Hope and Ms. Barcroft's action, Ms. George is not required to prove that her race was the sole motivation or even the primary motivation for House of Hope and Ms. Barcroft's decision. Ms. George need only prove that her race played a motivating part in House of Hope and Ms. Barcroft's decision even though other factors may also have motivated House of Hope and Ms. Barcroft.

As used in this instruction, Ms. George's race was a "motivating factor" if her race played a role in House of Hope and Ms. Barcroft's decision to terminate her tenancy.

---

Source: Third Circuit Model Jury Instruction No. 6.1.1 (Modified).

<u>**Section 1981 Claim—Disparate Treatment—Pretext**</u>

Ms. George also alleges that House of Hope and Ms. Barcroft terminated her tenancy because of her race.  In order for Ms. George to recover on this discrimination claim, Ms. George must prove that House of Hope and Ms. Barcroft intentionally discriminated against her.  This means that Ms. George must prove that her race was a determinative factor in House of Hope and Ms. Barcroft's decision to terminate her tenancy.

To prevail on this claim, Ms. George must prove both of the following by a preponderance of the evidence:

1.   That House of Hope and Ms. Barcroft terminated Ms. George's tenancy; and

2.   That Ms. George's race was a determinative factor in House of Hope and Ms. Barcroft's decision.

For Ms. George's race to be a "determinative factor," you must find that, if not for her race, her tenancy would not have been terminated.

Although Ms. George must prove that House of Hope and Ms. Barcroft acted with the intent to discriminate,[*] Ms. George is not required to prove that House of Hope and Ms. Barcroft acted with the particular intent to violate her federal civil rights.  Moreover, Ms. George is not required to produce direct evidence of intent, such as statements admitting discrimination.  Intentional discrimination may be inferred from the existence of other facts.

House of Hope and Ms. Barcroft has offered a nondiscriminatory reason for its decision to terminate Ms. George's tenancy.  If you disbelieve House of Hope and Ms. Barcroft's explanations for its conduct, then you may, but need not, find that Ms. George has proved intentional discrimination.

You must decide whether Ms. George has proved that her race was a determinative factor in House of Hope and Ms. Barcroft's decision to terminate her tenancy.

---

Source:  Third Circuit Model Jury Instruction No. 6.1.2 (Modified).

[*]A plaintiff is required to show discriminatory intent to support this claim under Section 1981. *Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989) (holding that Section 1981 requires discriminatory intent and that the burden-shifting framework set by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to Section 1981 claims).

<u>**Section 1981 Claim—Retaliation**</u>

Ms. George also claims that Ms. Barcroft and House of Hope terminated her tenancy in retaliation for complaining about Ms. Barcroft's disparate treatment of Ms. George, based on her race.

To prevail on this claim, Ms. George must prove all of the following by a preponderance of the evidence:

1. That Ms. George complained that House of Hope and Ms. Barcroft imposed different terms and conditions on the rental of her dwelling because of her race.

2. That Ms. George was subjected to a materially adverse action at the time, or after, the complaint took place.

3. That there was a causal connection between Ms. Barcroft and House of Hope's termination of Ms. George's tenancy and Ms. George's complaint about her disparate treatment.

Concerning the first element, Ms. George need not prove the merits of her complaint, but only that she was acting under a reasonable, good-faith belief that her right to be free from racial discrimination was violated.

Concerning the second element for the action to be "materially adverse," Ms. George must show that Ms. Barcroft and House of Hope's termination of her tenancy was serious enough that it well might have discouraged a reasonable person from complaining about disparate treatment based on race.

Concerning the third element, that of causal connection, that connection may be shown in many ways. For example, you may or may not find that there is a sufficient connection through timing—that is, Ms. Barcroft's and House of Hope's action followed shortly after Ms. Barcroft and House of Hope became aware of Ms. George's complaint about race discrimination. Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proved by antagonism shown toward Ms. George or a change in demeanor toward her. Ultimately, you must decide whether Ms. George's complaint about her disparate treatment had a determinative effect on the termination of her tenancy. For Ms. George's

Source: Third Circuit Model Jury Instruction No. 6.1.6 (Modified).

complaint to have had a "determinative effect," you must find that, if not for her complaint, Ms. Barcroft's and House of Hope's termination of Ms. George's tenancy would not have occurred.

<u>**Compensatory Damages**</u>

It is the court's duty to instruct you about the measure of damages.  By instructing you on damages, the court does not mean to suggest the party for which your verdict should be rendered.

If you find for Ms. George on any of her claims, you must determine her damages.  Ms. George has the burden of proving damages by a preponderance of the evidence.  Damages are the amount of money that will reasonably and fairly compensate Ms. George for any injury that you find was caused by defendants.

In determining the measure of damages, you should consider:

- The nature and extent of the injuries;
- The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;
- The reasonable value of necessary medical care, treatment, and services received to the present time;
- The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;
- The reasonable value of wages, earnings, earning capacity, salaries, employment, and employment opportunities lost up to the present time; and
- The reasonable value of wages, earnings, earning capacity, salaries, employment, and employment opportunities that with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.  Your award must be based on evidence and not on speculation, guesswork, or conjecture.

---

Source:  Ninth Circuit Model Jury Instruction Nos. 5.1 and 5.2 (Modified).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19**

**<u>Damages—Economic Damages</u>**

If you find for Ms. George on any of her claims, you must determine her economic damages, if any.

Economic damages are the amount of money that will reasonably and fairly compensate Ms. George for any increased housing costs, lost wages, and other expenses you find were caused by the unlawful acts of House of Hope and Ms. Barcroft. Ms. George has the burden of proving both the existence and the amount of her damages by a preponderance of the evidence.

---

Source: Final Jury Instruction No. 14, ECF No. 64.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20**

**<u>Damages—Noneconomic Damages</u>**

If you find for Ms. George on any of her claims, you must determine her noneconomic damages, if any. Noneconomic damages are the subjective, nonmonetary losses that a plaintiff has sustained or probably will sustain in the future. The law does not furnish you with any fixed standard by which to measure the exact amount of noneconomic damages. The law requires, however, that all damages awarded be reasonable. So, you must apply your own considered judgment to determine the amount of noneconomic damages.

In determining the amount of noneconomic damages, if any, you should consider the mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

---

Source: Final Jury Instruction No. 13, ECF No. 64.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21**

**<u>Damages—Nominal Damages</u>**


The law that applies to this case authorizes an award of nominal damages.  If you find for Ms. George, but also find that Ms. George has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

---

Source:  Final Jury Instruction No. 15, ECF No. 64.

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22

## Damages—Punitive Damages

In addition to compensatory damages, the fair housing laws involved in this case allow a jury to award punitive damages against a defendant. Punitive damages may be awarded by the jury for two reasons: (1) to punish House of Hope and Ms. Barcroft for their misconduct; and (2) to deter House of Hope and Ms. Barcroft, and other persons, from acting in the same way in the future. Punitive damages may be awarded even if you award Ms. George only nominal, and not compensatory, damages. But punitive damages may not be awarded to compensate Ms. George.

In a case such as this one, punitive damages may be awarded against House of Hope and Ms. Barcroft if, by a preponderance of the evidence, either House of Hope and Ms. Barcroft's conduct was motivated by an intent to discriminate, or that House of Hope and Ms. Barcroft's conduct involved reckless disregard for or callous indifference to the legal rights of Ms. George that are protected by the laws involved in this case. It is not necessary for Ms. George to show that House of Hope and Ms. Barcroft acted with actual malice or evil toward her.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the plaintiff's rights with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness, disability, or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of House of Hope and Ms. Barcroft's conduct.

---

Source: Ninth Circuit Model Jury Instruction No. 5.5 (Modified); Sample Jury Instructions and Verdict Forms, 4 Housing Discrim. Pr. Man. App. 4BB; *Mitchell v. Keith*, 752 F.2d 385 (9th Cir. 1985).

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on:

Ms. Rebecca Cambreleng
Cambreleng Law, LLC
806 S.W. Broadway, Suite 1200
Portland, Oregon 97205

Attorney for Defendants House
of Hope Recovery and Patricia
Barcroft

by the following indicated method or methods on the date set forth below:

☒ **CM/ECF system transmission.**

☐ **E-mail.** (Courtesy copy.)

☐ **E-mail.** As required by Local Rule 5-11, any interrogatories, requests for
production, or requests for admission were e-mailed in Word or WordPerfect
format, not in PDF, unless otherwise agreed to by the parties.

☐ **First-class mail, postage prepaid.**

☐ **Hand-delivery.**

☐ **Overnight courier, delivery prepaid.**

DATED: February 28, 2018.

_____s/ Elisa J. Dozono_____
Elisa J. Dozono, OSB No. 063150
elisa.dozono@millernash.com

Of Attorneys for Plaintiff