IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CONSTANCE GEORGE,<br><br>                  Plaintiff,<br><br>     v.<br><br>HOUSE OF HOPE RECOVERY and<br>PATRICIA BARCROFT,<br><br>                  Defendants. | Case No. 3:15-cv-01277-SB<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION IN LIMINE NO. 1** |

**BECKERMAN, Magistrate Judge.**

Plaintiff Constance George ("George") filed a motion in limine to exclude testimony at trial that she was ineligible for the "Homeless to Work" program at issue in this case. (ECF No. 105.) In response to the motion, Defendants House of Hope Recovery and Patricia Barcroft ("Defendants") agreed to exclude at trial any evidence or argument that George was ineligible for the Homeless to Work program, but they continue to "seek to reference her homelessness status[.]" (Joint Status Report, ECF No. 125.) At the pretrial conference, Defendants' counsel clarified that George's roommate at House of Hope would testify that George told her that George was not homeless, but that she applied for homeless programs to obtain free services.

**PAGE 1 – ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 1**

Defendants assert that the testimony is relevant to their defense because it is one example of George's disruptive behavior at House of Hope that caused her to be terminated from the program. George objects to the testimony on grounds of relevance and unfair prejudice. *See* Fed. R. Evid. 401, 403.

The roommate's testimony about George's out-of-court statements is not hearsay because the statements were made by George, the opposing party. *See* Fed. R. Evid. 801. The Court finds that the testimony is relevant to the issue of why House of Hope terminated George from its program. However, the Court also finds that the probative value of the testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury, and therefore excludes the testimony under Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

The probative value of the roommate's testimony is the fact that George engaged in behavior that was disruptive to other House of Hope residents, which Defendants allege led to her termination from the program. However, the roommate may testify that George made statements that were upsetting to her or that she complained to management about George's disruptive behavior, without testifying about this one specific example. The relatively low probative value of one example of disruptive behavior is substantially outweighed by the prejudice that would result if the jury concluded that George was never eligible to reside at House of Hope in the first place, especially in light of the fact that the parties have stipulated not to raise the eligibility issue at trial. Unfair prejudice would also result if the jury were to conclude that George engaged in fraud or misrepresentations to procure housing assistance,

which could rise to the level of a criminal offense. Finally, there is a risk that the jury would be confused or misled to believe that George's alleged ineligibility for the program is a potential defense to the alleged violations at issue in this case, and it is not.

For these reasons, the Court GRANTS Plaintiff's Motion in Limine No. 1 (ECF No. 105), and excludes from trial any testimony that George made statements that she was not homeless and that she nevertheless applied for homeless programs to obtain free services.[1]

**IT IS SO ORDERED.**

DATED this 25th day of March, 2018.

_Stacie F. Beckerman_
STACIE F. BECKERMAN
United States Magistrate Judge

---

[1] The Court will enter its order regarding the admissibility of Defendants' Exhibit 203 (the BOLI Determination) upon receipt of Plaintiff's reply brief in support of her objection to the exhibit.

**PAGE 3 – ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 1**