IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CONSTANCE GEORGE,<br><br>               Plaintiff,<br><br>     v.<br><br>HOUSE OF HOPE RECOVERY and<br>PATRICIA BARCROFT,<br><br>               Defendants. | Case No. 3:15-cv-01277-SB<br><br>**ORDER SUSTAINING IN PART PLAINTIFF'S OBJECTION TO DEFENDANTS' EXHIBIT 203** |

**BECKERMAN, Magistrate Judge.**

Defendants House of Hope Recovery and Patricia Barcroft ("Defendants") offer the Oregon Bureau of Labor and Industries' ("BOLI") "No Substantial Evidence Determination" report as a trial exhibit. (ECF No. 123, Att. 1.) Defendants confirmed at the pre-trial conference that they seek to introduce as impeachment evidence only a statement in the report attributed to Plaintiff Constance George ("George"). George objects to the exhibit on the basis of hearsay and unfair prejudice. (ECF No. 119.)

The Court concludes that George's statement in the BOLI report is inadmissible hearsay and may not be admitted as evidence at trial to prove its truth. However, depending on George's

PAGE 1 –    ORDER SUSTAINING IN PART PLAINTIFF'S OBJECTION TO
            DEFENDANTS' EXHIBIT 203

testimony at trial, her statement may be used for impeachment, subject to the limitations set forth below.

### A. Hearsay within Hearsay

Plaintiff does not dispute the trustworthiness of the BOLI report, and it therefore qualifies as a public record under Federal Rule of Evidence 803(8). *See Chandler v. Roudebush*, 425 U.S. 840, 863 n.39 (1976). However, the report recounts assertions made by George during George's initial interview, which are, themselves, potentially excludable hearsay. Specifically, Defendants seek to introduce the following statement in the report attributed to George: "[C]omplainant stated that she did not really believe [Defendants] discriminated against her because of her race." (ECF No. 123, Att. 1 at GEORGE 000102.)

There is no evidence in the record that George submitted to the BOLI interview under penalty of perjury, so the statement in the report does not qualify as a prior statement by a witness, even if Rule 801(d)(1)(A)'s other conditions are met at trial. Additionally, while the report writer attributes the statement to George, George did not sign the report or otherwise adopt it, so the statement does not qualify as one by a party opponent under Rule 801(d)(2)(A). *See U.S. v. Felix-Jerez,* 667 F.2d 1297, 1299 (9th Cir. 1982). Defendants do not argue that the statement qualifies for any other hearsay exception. (ECF No. 123.) Therefore, at this point in the proceedings, George's statement in the BOLI report is inadmissible hearsay.

### B. Impeachment

Defendants assert that they will use the statement only for impeachment purposes, and not to prove the truth of its content, making it nonhearsay under Rule 801(c)(2). (ECF No. 123 at 2-3.) An otherwise inadmissible statement may be used for impeachment under appropriate circumstances and with a limiting instruction admonishing the jury to consider it for

impeachment only. *See U.S. v. Tafollo-Cardenas*, 897 F.2d 976, 980 (9th Cir. 1990). Whether such an impeachment opportunity will arise will depend upon George's testimony at trial.

Defendants contend that the statement at issue "directly conflicts with the entire basis for the instant lawsuit." (ECF No. 123 at 3.) That is an overstatement. First, according to the BOLI report, George did identify an example of what she perceived to be a racially discriminatory remark by Defendant Bancroft:

> Complainant [George] based her allegations of race [discrimination] on a comment made by Respondent Patricia Barcroft, Director of House of Hope Recovery when Complainant was interviewed for housing. The comment itself is disputed; Complainant's version is that Respondent Barcroft asked her how she felt about "white people." . . .
>
> Complainant admits that this is the only statement she felt was racially discriminatory; . . . , during the Complainant['s] initial interview, [C]omplainant stated that she did not really believe Respondent discriminated against her because of her race.

(ECF No. 123, Att. 1 at GEORGE 000101.) Second, because the BOLI report does not provide a transcript of the interview, the full context of George's statement is unknown. What is known is that BOLI conducted this interview while investigating George's discrimination complaint. (*See id*. ("Complainant alleges that she was unlawfully discriminated against because: a. her race being African American and B. her religion, being a Jehovah witness.")) Even accepting the accuracy of the statement, when taken out of its full context its probative value may be easily outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403. For these reasons, the Court will not permit Defendants to use this statement to impeach George's testimony generally.

If George testifies at trial and makes a statement that directly contradicts what she told the BOLI report writer (*i.e.*, if George volunteers on direct examination her subjective beliefs about whether Ms. Barcroft discriminated against her based on race), then Defendants may use George's statement to the BOLI report writer to impeach that testimony. *See* Fed. R. Evid. 607;

**PAGE 3 –    ORDER SUSTAINING IN PART PLAINTIFF'S OBJECTION TO DEFENDANTS' EXHIBIT 203**

*see also U.S. v. Castillo,* 181 F.3d 1129, 1132 (9th Cir. 1999) (explaining impeachment by contradiction as distinct from Rule 608's general prohibition against extrinsic evidence). Defendants may not elicit such testimony from George for the first time on cross-examination for the purpose of setting up the impeachment opportunity. *See id.* at 1133-34; *U.S. v. Kincaid-Chauncey,* 556 F.3d 923, 932 (9th Cir. 2009).

        **C.**    **Unfair Prejudice**

To avoid any confusion, this Court fully concurs with Judge Simon's earlier ruling excluding BOLI's conclusion that there was no substantial evidence of racial discrimination. (ECF No. 56.) As Judge Simon noted, "[t]he jury is less likely impartially to consider the evidence and reach its own conclusions when it knows that an independent state agency has already reviewed the evidence and decided the ultimate factual issues in this case." (*Id.* at 3.)

Because of the potentially prejudicial nature of the report's conclusion, any use of individual statements within the report must be done with care. Therefore, if the Court allows Defendants to use George's statement for impeachment, they may do only subject to the following limitations:

1. The report will not be published to the jury, and will not be admitted into evidence. It will be marked as an impeachment exhibit, and may only be shown to the testifying witness during the course of impeachment;

2. Under no circumstances may Defendants reveal the report's conclusion to the jury. In laying a foundation for any testimony related to this report, the jury may hear evidence that BOLI conducted an investigation, that George participated in that investigation, and that BOLI created a report of its findings, but no testimony regarding BOLI's conclusion will be permitted; and

///

///

///

3. If Defendants use the report's excerpt for impeachment, the Court will give a limiting instruction to inform the jury that they shall not consider the statement for its truth, if George so requests.

**IT IS SO ORDERED.**

DATED this 29th day of March, 2018.

_____
STACIE F. BECKERMAN
United States Magistrate Judge